IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JEFFREY KARLSON                                                                PLAINTIFF

V.                                      4:14CV00474 JM

ACTION PROCESS SERVICE & PRIVATE
INVESTIGATIONS, LLC, and LORETTA FOSTER,
Individually and d/b/a ACTION PROCESS
SERVICE                                                                        DEFENDANTS

## ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

Pending are cross-motions for summary judgment. Plaintiff seeks partial summary judgment on the issue of whether he was an employee of the Defendants for purposes of the Fair Labor Standards Act ("FLSA"). Defendants claim that the Plaintiff was an independent contractor and, therefore, they are not liable to Plaintiff for alleged violations of the FLSA. In the alternative, Defendants argue that Plaintiff cannot show that he worked more than forty hours per week or that Defendants' violations were willful.

I.  Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is
> a need for trial -- whether, in other words, there are genuine factual
> issues that properly can be resolved only by a finder of fact because
> they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be

invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

II. <u>Discussion of the Law</u>

The central issue in this case is whether Plaintiff was an employee of Defendants or an independent contractor. "The determination of 'employee' status under the FLSA is a question of law, although it depends on subsidiary factual determinations. Employee status can be determined by the district court on a motion for summary judgment where there are no genuine disputes of material fact." *Cruthis v. Vision's*, No. 4:12-CV-00244-KGB, 2014 WL 282028, at *2 (E.D. Ark. Jan. 24, 2014) (citing *Thompson v. Linda And A., Inc.*, 779 F.Supp.2d 139, 147 (D.D.C.2011); *Morrison v. Int'l Programs Consortium, Inc.*, 253 F.3d 5, 10 n. 3 (D.C.Cir.2001)).

The FLSA defines an "employee" as "any individual employed by an employer" and defines "employ" as "to suffer or permit to work." 29 U.S.C. §§ 203(e)(1), 203(g). "In determining whether an entity functions as an individual's employer, courts generally look to the economic reality of the arrangement." *Blair v. Wills*, 420 F.3d 823, 829 (8th Cir. 2005) (citing *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961) (explaining that "economic reality rather than technical concepts is ... the test of employment" under the statute)). When applying the economic reality test, courts generally examine six factors: (i) the degree of control exercised by the alleged employer over the business operations, (ii) the relative investments of the alleged employer and employee, (iii) the degree to which the employee's opportunity for profit and loss is determined by the employer, (iv) the skill and initiative required in performing the job, (v) the permanency of the relationship, and (vi) the degree to which the alleged employee's tasks are integral to the employer's business.

The parties disagree over most of the facts relative to the economic reality test. For example, Defendants contend the position of process server required a high degree of skill and initiative. Plaintiff argues that the position is basically a delivery person. Defendants state that Plaintiff has made a large investment in his employment because he maintains his own vehicle including insurance, gas, and maintenance and he provided his own computer. Plaintiff states that his investment in the business was minor compared to Defendants' investment because he did not contribute to the cost of advertising, office staff payroll, or the cost of computer software. Defendants state that Plaintiff exercised complete control over his job by deciding his route, the number of papers he would serve per day, and his territory. Plaintiff disagrees and states that Defendant Foster gave him detailed instructions on a daily basis regarding the order in which he should perform each job, the number of jobs she would give him, and the counties where she

would send him to serve papers. The Court finds that there are disputed issues of material fact as to whether Plaintiff was an employee under the FLSA. The motions for summary judgment on this issue are denied.

Defendants argue that even if the Court determines that Plaintiff was an employee of Defendants, Plaintiff cannot show that he worked more than forty hours during any week. Plaintiff contends that his estimate of the hours he worked is presumptively accurate.

> If an employer has failed to keep records, employees are not denied recovery under the FLSA simply because they cannot prove the precise extent of their uncompensated work. Rather, employees are to be awarded compensation based on the most accurate basis possible. Under this relaxed standard of proof, once the employee has shown work performed for which the employee was not compensated, and sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference, the burden then shifts to the employer to produce evidence to dispute the reasonableness of the inference.

*Holaway v. Stratasys, Inc.*, 771 F.3d 1057, 1059 (8th Cir. 2014) (internal quotations omitted) (citing *Dole v. Tony & Susan Alamo Found.*, 915 F.2d 349, 351 (8th Cir. 1990); *Carmody v. Kansas City Bd. of Police Comm'rs*, 713 F.3d 401, 406 (8th Cir. 2013)).

Plaintiff has provided a letter dated March 4, 2012, which he wrote to Defendant Foster. In the letter, Plaintiff points out that he works for Action Process Service "7 days a week 8-16 hours a day." (ECF No. 12-11). Under the relaxed standard, the Court finds that Plaintiff has provided enough evidence to create a genuine issue of material fact as to whether he worked more than forty hours per week. Defendants' motion for summary judgment based upon this issue is denied.

Finally, Defendants argue that even if Plaintiff has presented sufficient evidence that he was an employee and that he worked more than forty hours, Plaintiff has failed to show that Defendants' actions were willful. Pursuant to FLSA 29 U.S.C. § 255(a), an employer is liable

for unpaid overtime wages for claims which accrue within two years of filing suit. If the defendant employer's action is a willful violation of the FLSA, the defendant is liable for claims which accrue within three years of filing suit. The willfulness determination applies to the statute of limitations and is a question of fact for the jury. Defendants' motion for summary judgment on this issue is denied.

III.  Conclusion

For the reasons set forth above, Plaintiff's partial motion for summary judgment (ECF No. 12) and Defendants' motion for summary judgment (ECF No. 23) are DENIED.

IT IS SO ORDERED this 16th day of July, 2015.

James M. Moody Jr.
United States District Judge